CHESTER BAXTER *v.* ABIATHAR SHAW.

*Amendment.   Scire facias.   Pleading.*

A writ of scire facias, alleging only the rendition of the judgment, and that execution yet remains to be done, may properly be amended by adding averments showing that the apparent satisfaction of an execution already issued, was by a levy upon, and sale of property which was subsequently claimed and held by a third person.

The levy of an execution upon property of the debtor, upon which there was a a prior lien by attachment, in favor of a third person, which was unknown to the creditor, to the satisfaction of which the property was subsequently appropriated, is a levy upon property "which did not belong to the debtor," within the meaning of the statute, (Comp. Stat. 315, § 46,) giving to the creditor a new execution in such a case. The statute extends to cases where the debtor, though having the general ownership, yet has no such title to the property, as can be made available to the levying creditor.

The declaration in the present case held defective, on demurrer, in not alleging a continuance and perfection of the prior attachment lien, by a seasonable issuing of the execution, and charging of the property.

SCIRE FACIAS. The declaration, which is set forth below, did not contain, when originally drawn and entered in the county court, that part of it which is enclosed in brackets. The plaintiff obtained leave to amend, and did amend the declaration

by inserting that part of it, and when so amended, the defendant moved to dismiss it for the reason that it then described a new cause of action. This motion was overruled, and the defendant then demurred to the declaration, as amended. The county court, December Term, 1855,—UNDERWOOD, J., presiding,—overruled the demurrer, and rendered judgment for the plaintiff. To the decision of the court overruling both the motion to dismiss and the demurrer, the defendant excepted.

The declaration, as amended, was as follows, that part added by the amendment being enclosed in brackets.

"Whereas Chester Baxter, of Sharon, in the county of Windsor and state of Vermont, by the consideration of the county court, held at Woodstock, in and for the county of Windsor, on the fourth Tuesday in September, in the year of our Lord one thousand eight hundred and thirty-eight, recovered judgment against Abiathar Shaw, then of Westmoreland, in the state of New Hampshire, for the sum of thirteen hundred and fifty-nine dollars and sixty-two cents damages, and twenty-five dollars and fifty-eight cents costs of said suit, as appears of record; and although judgment thereof be rendered, as aforesaid, [and the said Baxter within thirty days after the rendition of the aforesaid judgment, to wit, on the 29th day of September, 1838, took out his execution thereon, and placed it in the hands of F. Page, constable of the town of Sharon, in said Windsor county, who, on the 26th day of October, 1838, levied and extended said execution on the following named machinery in a factory, to wit, 3 casmer looms, 1 satinet loom, 1 dresser loom, 1 condenser, 3 spools, 2 carding machines, 1 shaving machine, 1 brushing machine, 1 roller, 38 press plates, 2 jacks, 1 lot of bobbins, 6 joints stove-pipe, 32 shuttles, all the leather belts for factory, 1 iron mortar, 2 oil canisters, 1 netty, 1 loom, amounting in the whole to the sum of eleven hundred and forty dollars and seven cents, which the said Page, constable as aforesaid, applied upon said execution, in part satisfaction of the same, supposing the same to be the property of said Shaw, but it afterwards proved to be the property of one Elisha L. Sabin, and in the year 1837 was attached by A. F. Bean, on a writ in his favor against said Sabin. After said attachment, said Sabin sold said machinery to said Shaw, and after said Bean's attachment, and said sale to Shaw, the

plaintiff levied upon, and caused said property to be sold, as the property of said Shaw, upon his aforesaid execution, without knowing of said Bean's attachment. Said Bean's suit, upon which said property was attached, as aforesaid, was pending in court, at the date of the plaintiff's sale of said property, but subsequent to said last named sale, on the plaintiff's aforesaid execution. Said Bean recovered judgment in his aforesaid suit, against said Sabin, and caused all of the aforesaid property to be sold in due form of law, in satisfaction of an execution issued upon said last named judgment, in favor of said Bean against said Sabin, and the said Bean took all of said property out of the plaintiff's possession, and the plaintiff entirely lost said property, and the proceeds thereof.] Yet the execution of the said debt and costs yet remains to be made, whereof the said Baxter has made application for a remedy to be provided in that behalf. Now to the end that justice be done," &c.

*Washburn & Marsh* for the defendant.

The count is bad under the order to amend, as not following the original declaration, but being, in fact, for a new cause of action, not embraced within, nor contemplated by the original declaration. It is a departure.

The original writ was *scire facias*, at common law, to obtain a new execution. The writ, as amended, is scire facias, under the statute, to vacate the levy of an execution.

*Scire facias* would not lie at common law, to obtain this remedy; and the writ of *scire facias*, which is given by statute for this purpose, is a new and independent proceeding. *Baxter* v. *Tucker*, 1 D. Ch. 355. *Royce* v. *Strong*, 11 Vt. 249. *Hyde* v. *Taylor*, 19 Vt. 601. *Pratt* v. *Jones*, 22 Vt. 345. *Tudor* v. *Taylor*, 26 Vt. 448.

The writ in the form in which it is presented cannot be sustained.

It is *scire facias* to vacate the levy of an execution, which has been satisfied by being extended upon property, which was subject to a prior attachment.

At common law, *scire facias* would not lie in this case. See the cases cited above.

By the levy and sale of the personal property, the judgment is satisfied *pro tanto*, even though the title be afterwards divested. 1 Salk. 322. 2 Ld. Raym. 1072. 1 Cow. 47, *n.* 4 Cow. 417. 7 Johns. 428. 12 Johns. 207. *People* v. *Hopson*, 1 Denio 574. *Freeman* v. *Caldwell*, 10 Watts 9. *Ladd* v. *Blunt*, 4 Mass. 402. *Bayley* v. *French*, 2 Pick. 590. *Lea* v. *Edwards*, 1 B. & Ald. 157. *Chandler* v. *Forbush*, 8 Maine 408.

The statute of 1797, (Slade's Stat. 213, § 9,) extended only to a case, where it appeared, after levy upon real or personal estate, that the property " did not belong" to the debtor.

Under that statute this suit could not have been maintained ; for here the declaration concedes, that Sabin owned the property, and sold it to the defendant.

The statute of 1850 (Comp. Stat. 315, § 46,) re-enacted the statute of 1797, and extended it to cases where the property levied upon was, at the time, subject to mortgage, which was disregarded in making the levy.

But that is not this case. An attachment is not a mortgage, and " *expressio unius exclusio alterius est.*" A mortgage passes the title ; an attachment does not. A subsequent mortgagee must be made a defendant in a bill to foreclose a prior mortgage ; but an attaching creditor, who has not obtained a judgment, need not and ought not to be made a defendant. *Downer* v. *Fox*, 20 Vt. 388. The law stands, in respect to property levied upon while subject to attachment, precisely as it stood in respect to mortgaged property, previous to the statute of 1850, and, in respect to property which did not belong to the debtor, previous to the statute of 1797. It is *casus omissus*, beyond the reach of the court, and subject only to legislative correction.

The declaration is fatally defective in omitting to allege that Bean kept good his title, created by the attachment, by causing the property to be charged in execution, within thirty days after his judgment.

The creditor who seeks a new execution, upon the ground of defect of title in the debtor to the estate levied upon, must show, by positive evidence, that such defect existed ; *Pratt* v. *Jones*, 22 Vt. 345 ; and what he is thus bound to prove, he must allege in his writ ; *Baxter* v. *Tucker*, 1 D. Ch. 356.

*Stoughton, French,* and *Converse & Barrett* for the plaintiff.

The first question is, should the motion to dismiss have prevailed?

This depends altogether upon the question whether the county court had power to allow the amendment. If they had, its exercise is not a matter of error. *Waterman* v. *Hall,* 17 Vt. 128.

The original declaration was *scire facias.* The amended one is *scire facias.*

This question must be conclusively settled by the case of *Briggs* v. *Oaks,* 26 Vt. 138, and the case of *Briggs* v. *Bennett et al.* 26 Vt. 146. .

The demurrer was properly overruled.

The matter set up in the declaration, is sufficient to bring the the case within the statute, (Comp. Stat. 315, § 46.) Clearly " the property was not the property of the debtor."

The whole was taken, sold and applied upon Bean's execution by virtue of the attachment.

It comes, if not within the letter, certainly within the spirit, and clear intent of the statute.


The opinion of the court was delivered by

BENNETT, J. It is well settled that if a judgment appears of record to have been satisfied, no *scire facias* will lie, at common law, to get a new execution awarded; but our statute has extended the right to maintain a writ of *scire facias,* to get a new execution, to cases where the apparent satisfaction, on record, has been produced by the sale of property, which turns out not to belong to the debtor. This, no doubt, is the case, the plaintiff supposed he had made in his original declaration, but the trouble with that was, it was not adapted to his case, and would not let in his proof. It is quite usual to permit the plaintiff to amend his declaration, so as to make such a case as he intended to have made in his first declaration. He may so declare as to show he has no legal ground of action, or he may mistake the legal effect of a written contract, yet he may so amend his declaration, as to give a cause of action, or avoid the effect of a variance, and we have no doubt, it was within the province of the county court, to allow the amendment asked for in this case.

It becomes necessary, to settle the rights of the party on the demurrer, to see if the case, which the plaintiff claims to have made by his new declaration, is one entitling him to maintain a *scire facias* under our statute. The plaintiff levied his execution upon certain machinery, and sold it as the property of the defendant, and the avails of the sale were applied on his execution. The machinery originally belonged to one Sabin who sold it to this defendant, and, while Sabin owned it, one Bean attached it as the property of Sabin, and it was subject to this attachment when Sabin sold it to the present defendant, (though this attachment was not known, in point of fact, to the plaintiff, at the time of his levy and sale,) and Bean having obtained a judgment after this against Sabin, took out his execution in due time to preserve his lien, and levied upon and sold the property in due course of law, by means of which the defendant's title to the property, under his sale from Sabin, was defeated. This is such a case as the plaintiff, in argument, claims his new declaration makes, and the defendant insists that such a case is not within the statute. The statute enacts, that " when any execution shall have been extended or levied upon any estate, real or personal, for the purpose of satisfying such execution, and it shall afterwards appear that such estate did not belong to the debtor, the creditor may sue out a *scire facias* to get a new execution."

The case claimed to have been made is clearly within the reason of the statute. Though Sabin remained the general owner of the property after Bean's attachment, yet he could only sell such right as he had and his vendee would take it subject to Bean's attachment. The officer had a special property in the chattel attached, and a paramount right of possession. The attachment created a lien upon the property, and one that was even recognized as such under the last bankrupt law of the United States. When this property was sold to satisfy Bean's debt, against Sabin, in virtue of the lien created by the attachment, the defendant's right to it, under his purchase from Sabin, became extinguished. His right at all times was dependent upon the attachment, and when sold to satisfy Bean's lien, it is the same thing to the plaintiff as if there had never been a sale in form from Sabin to this defendant. The statute is highly remedial, and should be so construed as to embrace

cases coming clearly within its equity. The ultimate failure in the defendant's title may well have relation back to the time the adverse lien was created, and when the statute uses the term, "such property as did not belong to the debtor," it should be understood to embrace cases in which the debtor had no such title to the property as could be made available to the levying creditor. This is the very essence and spirit of the act.

But the plaintiff has not made such a case in his declaration, as he has supposed in argument. The declaration does not allege that Bean's execution was taken out, and the property charged with it, in time to preserve the lien; and this should affirmatively appear. If this was not done, the right of the defendant to the property would be paramount to Bean's. The declaration alleges that Sabin's title passed, subject to the attachment to the defendant, and except for the attachment, the defendant's title would have been valid.

Enough, then, must have been alleged to show that the property was taken from the defendant in virtue of the lien existing upon it, when sold by Sabin to the defendant.

The judgment, then, below is reversed, for the insufficiency in the declaration.

The plaintiff had liberty to amend on the usual terms.

